Filed 8/23/23  P. v. Navarro CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>JOSE DAVID NAVARRO,<br><br>     Defendant and Appellant. | D080567<br><br><br>(Super. Ct. No. SCS317638) |


APPEAL from an order of the Superior Court of San Diego County, Dwayne K. Moring and Michael J. Popkins, Judges.  Reversed and remanded with directions.

David G. Steward, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and Steve Oetting and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION

Jose David Navarro appeals from the trial court's order denying his second petition for pretrial mental health diversion under Penal Code section 1001.36 (Petition). The trial court denied diversion based solely on Navarro's failure to establish that his substance abuse disorder was a "significant factor" in the commission of his charged offenses pursuant to section 1001.36, former subdivision (b)(1)(B). Mindful of our obligations under article VI, section 14 of the California Constitution and section 8.1 of the California Standards of Judicial Administration, we find this matter appropriately resolved by memorandum opinion. (See generally *People v. Garcia* (2002) 97 Cal.App.4th 847.)

Effective January 1, 2023, and while Navarro's appeal was pending, Senate Bill 1223 amended section 1001.36, former subdivision (b)(1)(B), in a manner favorable to defendants seeking diversion. (Compare § 1001.36, former subd. (b)(1)(B), eff. June 30, 2022, through Dec. 31, 2022, with § 1001.36, subd. (b)(2), eff. Jan. 1, 2023.) Section 1001.36, subdivision (b)(2), now presumes a defendant's diagnosed mental disorder has a connection to his offense and allows the trial court to deny diversion if the People rebut that presumption. (§ 1001.36, subd. (b)(2); Assem. Com. on Pub. Safety, Rep. on Sen. Bill No. 1223 (2021-2022 Reg. Sess.), as amended June 23, 2022, p. 6.) The parties concur that the amendment is retroactive and that remand to the trial court for a new hearing to determine Navarro's eligibility for mental health diversion is warranted.

We agree. Amended section 1001.36, subdivision (b)(2), applies retroactively to the trial court's order denying Navarro's Petition. (*People v. Frahs* (2020) 9 Cal.5th 618, 624.) Moreover, none of the offenses with which Navarro was charged appears in section 1001.36, subdivision (d), which

2

specifies the offenses that preclude a defendant from placement in a diversion program.  Accordingly, the trial court, through no fault of its own, erred in denying Navarro's Petition based wholly on a factor that no longer applies. (*People v. Carmony* (2004) 33 Cal.4th 367, 377 [recognizing trial court's reliance on improper factors may constitute abuse of discretion].)

On this record, we can reach no definitive conclusion as to Navarro's eligibility for placement in a diversion program under the new standard, and thus we express no view concerning the proper resolution of Navarro's Petition.  Rather, determining whether the record contains "clear and convincing evidence that [Navarro's substance abuse disorder] was not a motivating factor, causal factor, or contributing factor to [Navarro's] involvement in the alleged offense[s]" is "quintessential factfinding" best undertaken by the trial court.  (§ 1001.36, subd. (b)(2); *People v. Oneal* (2021) 64 Cal.App.5th 581, 589.)

## DISPOSITION

We reverse the order denying Navarro's Petition and remand the matter with directions that the trial court conduct a new hearing to consider Navarro's eligibility for placement in a diversion program under section 1001.36 as amended by Senate Bill 1223.

CASTILLO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

RUBIN, J.

3